IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATABIUS BROWN ) | |
| AIS # 00313578, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-00841-CG-N |
| ) | |
| MARY COOKS, *Warden* ) | |
| *Fountain Correctional Facility*, ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Latabius Brown, an Alabama prisoner proceeding without counsel (*pro se*), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 dated November 20, 2019 (Doc. 5), challenging his continued confinement with the Alabama Department of Corrections ("ADOC") under a criminal judgment issued by the Circuit Court of Henry County, Alabama.[1]  The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (1/13/2020 electronic reference).  Under S.D. Ala. GenLR

---

[1] Brown was ordered to file a new petition because his initial petition (Doc. 1) was not on this Court's form for habeas filings. *See* S.D. Ala. CivLR 9(a) ("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254 … must file their application, petition, or motion with the Clerk using forms available from the Court.").  Moreover, because Brown was not challenging the Henry County judgment itself, but only how ADOC was executing that judgment (i.e., by continuing to confine him beyond the term of imprisonment imposed by the judgment), the undersigned construed Brown's initial petition as being brought under § 2241, rather than 28 U.S.C. § 2254, and accordingly ordered him to refile on the appropriate form. *See Moody v. Holman*, 887 F.3d 1281, 1287 (11th Cir. 2018) (" '[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.' " (quoting *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008))).  Brown timely did so, resulting in the present operative § 2241 petition (Doc. 5).

72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

After preliminary review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned ordered that the Respondent be served with the petition for an answer or other appropriate response. (*See* Doc. 8). The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an answer to Brown's petition, which includes copies of Brown's relevant state court records. (Doc. 15). Having reviewed the answer and state court records in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned finds that neither discovery nor expansion of the record is necessary, and that Brown's petition is due to be denied and dismissed without an evidentiary hearing.[3]

---

[2] The district court may apply "any or all of" the federal procedure rules habeas petitions filed under 28 U.S.C. § 2254 to other habeas corpus petitions. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts. See also S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

[3] Because Brown was incarcerated within this judicial district at the time he filed the present petition, this Court has jurisdiction to decide it. *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or

I.   *Analysis*

A.   **The Petition**

Records from Brown's state court proceedings indicate that a Henry County Circuit Court jury found him guilty of one count of first-degree assault on March 21, 2018. (*See* Docs. 15-3, 15-4). On April 13, 2018, the circuit court sentenced Brown to 12 years of imprisonment. (Doc. 15-5). Though not included in the circuit court's sentencing order (Doc. 15-5), a separate handwritten notation by the sentencing judge on Brown's Case Action Summary dated April 13, 2018, stated: "After hearing, probation is denied. Defendant is ordered to serve one-year in prison then serve the remainder of his sentence with Houston County Community Corrections. While in prison he shall complete a drug and alcohol program approved by the Dept. of Corrections." (Doc. 15-6). Brown took no direct appeal of that judgment. Brown's present petition asserts that, despite having served his one year in prison, ADOC has refused to release him to Houston County Community Corrections in accordance with the Henry County sentence.

However, after the sentence was imposed, the deputy director of Houston County Community Corrections Work Release sent the sentencing judge a letter dated July 20, 2018, stating: "Brown is not a candidate for Work Release due to Assault 1st conviction. [Ala. Code §] 15-18-171(14) specifically excludes felony

---

more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.").

offenders with Assault 1st from participating in our program. I am requesting for Brown to be removed from Work Release and serve his sentence in the Department of Corrections." (Doc. 15-8). The sentencing judge "granted" the deputy director's request in a notation on the letter. (*Id.*).[4]

While there is no indication that this letter was filed into the record of Brown's state court case, Brown appears to have received notice of it, as he filed a *pro se* motion with the circuit court dated October 16, 2018, requesting that the court "reconsider community corrections…" (Doc. 15-9). On October 26, 2018, the sentencing judge entered an order stating that the motion to reconsider was "noted" and that "Defendant needs to contact Community Corrections." (Doc. 15-10). Brown filed another *pro se* motion with the circuit court dated May 22, 2019, asking "since you remove me from the community correction program on 7-20-18 due to my charge Assault 1st that I be brought back to court on the community corrections portion of my sentence." (Doc. 15-11). The sentencing judge denied that motion by order dated May 30, 2019, with the additional directive: "Defendant must clear any request through Community Corrections." (Doc. 15-12).

Brown initiated the instant federal proceedings on October 8, 2019, the date of his initial petition (Doc. 1).[5] On January 28, 2020, the sentencing judge entered

---

[4] Given that the deputy director's letter was dated July 20, 2018, the undersigned assumes that the sentencing judge's dating his notation "6-20-18" was a clerical error. (Doc. 15-8).

[5] *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("We have previously held that a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing… Absent evidence to the

an order stating: "Order of April 13, 2018 is set aside.  One convicted for Assault 1st cannot be sentenced to Community Corrections pursuant to Alabama law. Defendant's sentence is amended to serving sentence with the Department of Corrections." (Doc. 15-13).

The Alabama Court of Criminal Appeals has stated:

> Absent a posttrial motion under Rule 24, Ala. R. Crim. P., a trial court generally retains jurisdiction to modify a sentence for only 30 days after the sentence is imposed. See Ex parte Hitt, 778 So.2d 159, 162 (Ala. 2000). Under the Split Sentence Act, a trial court retains jurisdiction to suspend the confinement portion of a split sentence throughout that portion of the sentence. See § 15-18-8(g), Ala. Code 1975. The exception to these jurisdictional limitations is when the sentence imposed is illegal.  It is well settled that an illegal sentence is a jurisdictional defect and both this Court and the Alabama Supreme Court have repeatedly recognized that an illegal sentence may be challenged, or noticed by this Court, at any time. See, e.g., Ex parte Jarrett, 89 So.3d 730, 732 (Ala. 2011); Ex parte Batey, 958 So. 2d 339, 341 (Ala. 2006); McNeal v. State, 43 So. 3d 628, 629 (Ala. Crim. App. 2008); and Ginn v. State, 894 So. 2d 793, 796 (Ala. Crim. App. 2004). This Court has also recognized that " 'even after the defendant has begun to serve his sentence, the trial court is obligated to alter an invalid sentence [and] any increase in the sentence does not raise double jeopardy problems.' " Greenhill v. State, 746 So. 2d 1064, 1072 (Ala. Crim. App. 1999) (quoting Love v. State, 681 So. 2d 1108, 1109 (Ala. Crim. App. 1996) ).

*Lanier v. State*, 270 So. 3d 304, 308 (Ala. Crim. App. 2018).

In removing the community corrections portion of Brown's sentence – first by granting the Houston County Work Release deputy director's July 20, 2018 request that Brown "be removed from Work Release and serve his sentence in the

---

contrary in the form of prison logs or other records, we will assume that Washington's motion was delivered to prison authorities the day he signed it, October 6, 1998.").

Department of Corrections," then by formally amending Brown's criminal judgment on January 28, 2020 – the sentencing judge was correcting what he determined to be an illegal sentence, an act he retained jurisdiction to do under Alabama law "at any time." *Id.* While the undersigned cannot conclusively determine from the present record whether Brown's original sentence was in fact illegal under Alabama law,[6] the undersigned need not do so, as " 'federal habeas corpus relief does not lie for errors of state law.' " *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Thus, Brown's sole claim for relief under § 2241 – that he is being held by ADOC beyond the term of imprisonment authorized by his Henry County criminal judgment – is without merit.[7]

---

[6] "Persons who are convicted of offenses as listed in subdivision (14) of Section 15-18-171" "are excluded from consideration for punishment in the community…" Ala. Code § 15-18-175(b)(1). Relevant here, one of the offenses listed in § 15-18-171(14) is "assault in the first degree if the assault leaves the victim permanently disfigured or disabled." Under the plain wording of § 15-18-171(14), it appears both the Houston County Community Corrections deputy director and the sentencing judge were incorrect to suggest that first-degree assault offenders are categorically excluded from the community corrections program, as the assault must "leave[] the victim permanently disfigured or disabled" in order for the exclusion to apply. Brown's indictment indicated that the first-degree assault cause the victim "serious bodily injury" (Doc. 15-2, PageID.61), but nothing in the record of this case conclusively indicates that the victim was left "permanently disfigured or disabled."

[7] Nevertheless, Brown does not appear to be without some recourse. He appears to have until March 10, 2020, to file a notice of appeal challenging the sentencing judge's January 28, 2020 order. *See* Ala. R. App. P. 4(a)(1) ("Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure."). Brown might also have some recourse in filing a petition with the Henry County circuit court under Alabama Rule of Criminal Procedure 32. Of note, Brown has

B.     **Certificate of Appealability**

For habeas petitions brought by state prisoners, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United

---

alleged that his original sentence including community corrections "was agreed upon in open court by myself and the judge, + District Attorney…" (Doc. 5, PageID.21). Given that Brown took no direct appeal of his conviction or sentence, one could liberally construe Brown's allegations as claiming his counsel and/or the court induced him to waive his right to appeal in exchange for this agreed sentence.

Moreover, the amended judgment could arguably serve to restart the one-year statute of limitations for Brown to file a habeas petition under 28 U.S.C. § 2254 challenging both his Henry County conviction and sentence, though the undersigned makes no determination on this issue. *Compare Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam) ("In *Ferreira*[*v. Sec'y, Dep't of Corr.*], 494 F.3d 1286 (11th Cir. 2007)., we explained there is one judgment, comprised of both the sentence and conviction. [494 F.3d] at 1292 ('[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.'); *cf. Deal v. United States*, 508 U.S. 129, 132, 113 S. Ct. 1993, 1996, 124 L.Ed.2d 44 (1993) ("A judgment of conviction includes both the adjudication of guilt and the sentence."). Applying that rule, we held 'that AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence the petitioner is serving become final.' *Ferreira*, 494 F.3d at 1288. The limitations provisions of AEDPA 'are specifically focused on the judgment which holds the petitioner in confinement,' and resentencing results in a new judgment that restarts the statute of limitations. *Id.* at 1292–93. Since there was a new judgment, we saw no reason to differentiate between a claim challenging a conviction and one challenging the sentence."), *with Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc) ("[T]he only judgment that counts for purposes of section 2244 is the judgment 'pursuant to' which the prisoner is 'in custody.' 28 U.S.C. § 2254 … And Patterson is not in custody pursuant to the 2009 order because it does not authorize anything … Instead, it states only in the negative that Patterson 'shall not have to undergo [chemical castration].' That the Florida Department of Corrections must read both forms together to determine the scope of Patterson's confinement does not transform the 2009 order into a judgment that authorizes Patterson's custody. The 1998 judgment is the only judgment that allows the Department to imprison Patterson. The 2009 order imposes no sentence and gives the Department no authority.").

States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).[8]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28

---

[8] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). *See also Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) ("[W]here a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254.").

U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned finds that Brown should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right.[9]

### C.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that

---

[9]    Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Brown of the judgment in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[10]

## II.  *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Brown's operative petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 5) be **DENIED** and **DISMISSED with prejudice**, that the Court find him not

---

[10] Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent under Federal Rule of Civil Procedure 58.

 **DONE** this the 20th day of February 2020.

            */s/ Katherine P. Nelson*
            **KATHERINE P. NELSON**
            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.